UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NATHANIEL HANDY,

                                  Plaintiff,

      -against-

CITY OF NEW YORK, TERESA STANTON, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiff NATHANIEL HANDY, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff NATHANIEL HANDY is a twenty-two year old African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants TERESA STANTON and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On October 26, 2011, at approximately 9:00 a.m., plaintiff was operating a motor vehicle in the vicinity of 236 Nicholas Avenue, Staten Island, New York.

13.     At the aforesaid time and place, defendant officers, including but not limited to defendant STANTON, stopped plaintiff's vehicle.

14.     Although plaintiff had committed no crime or offense, and the officers, including STANTON, had no legitimate reason to suspect that plaintiff had committed a crime or offense, the officers handcuffed plaintiff, arrested plaintiff, and transported him to the 120th Precinct Stationhouse.

15.     The defendants imprisoned plaintiff until October 27, 2011, at approximately 9:00 a.m., when they released plaintiff without charging plaintiff with violating any crimes or statutes.

16.     The defendants officers released plaintiff because the District Attorney's Officer for Richmond County reviewed the arrest and determined that plaintiff had committed no crime or offense.

17.     The defendant NYPD officers JOHN and JANE DOE 1 through 10 either participated and/or failed to intervene in the illegal conduct described herein.

18.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, due to discrimination against plaintiff due to his race and/or nationality, in that the City of New York is aware that defendant officers disproportionately stop vehicles operated by African American individuals and engage in a pattern and practice of falsification.

19.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK

3

is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the requirements of probable cause when arresting individuals.

20.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

21.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise him.

22.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    Defendants arrested plaintiff NATHANIEL HANDY without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

4

25. Defendants caused plaintiff NATHANIEL HANDY to be falsely arrested and unlawfully imprisoned.

26. As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants had an affirmative duty to intervene on behalf of plaintiff NATHANIEL HANDY, whose constitutional rights were being violated in their presence by other officers.

29. The defendants failed to intervene to prevent the unlawful conduct described herein.

30. As a result of the foregoing, plaintiff NATHANIEL HANDY'S liberty was restricted for an extended period of time, he was put in fear of their safety, and he was humiliated and subjected to handcuffing and other physical restraints.

31. As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    The defendants stopped plaintiff's vehicle, falsely arrested and unlawfully imprisoned plaintiff NATHANIEL HANDY because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

34.    As a result of the foregoing, plaintiff NATHANIEL HANDY was deprived of his rights under the Equal Protection Clause of the United States Constitution.

35.    As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

38.    As a result of the foregoing, plaintiff NATHANIEL HANDY was deprived of his liberty and right to substantive due process, causing emotional injuries.

39.    As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to

6

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, stopping individuals because of their race, arresting individuals without probable cause, and engaging in a pattern and practice of falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NATHANIEL HANDY'S rights as described herein.

43.     As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

7

indifference to the safety, well-being and constitutional rights of plaintiff NATHANIEL HANDY.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NATHANIEL HANDY as alleged herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff NATHANIEL HANDY as alleged herein.

47.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff NATHANIEL HANDY was unlawfully arrested, illegally searched, and unlawfully imprisoned.

48.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NATHANIEL HANDY'S constitutional rights.

49.     All of the foregoing acts by defendants deprived plaintiff NATHANIEL HANDY of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene; and

        D.     To receive equal protection under law.

50.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to

8

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>**Supplemental State Law Claims**</u>

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

53.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

55.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

56.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants arrested plaintiff NATHANIEL HANDY without probable cause.

9

59. Plaintiff were detained against his will for an extended period of time and subjected to physical restraints.

60. As a result of the aforementioned conduct, plaintiff NATHANIEL HANDY was unlawfully imprisoned in violation of the laws of the State of New York.

61. As a result of the aforementioned conduct, plaintiff NATHANIEL HANDY suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

62. As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiff NATHANIEL HANDY was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, plaintiff NATHANIEL HANDY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

10

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants made offensive contact with plaintiff NATHANIEL HANDY without privilege or consent.

69.     As a result of defendants' conduct, plaintiff NATHANIEL HANDY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

70.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

73.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

74.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

11

75.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff NATHANIEL HANDY.

76.     As a result of the aforementioned conduct, plaintiff NATHANIEL HANDY suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

77.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff NATHANIEL HANDY.

80.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

81.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

12

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
<u>(Negligent Training and Supervision under the laws of the State of New York)</u>

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff NATHANIEL HANDY.

84.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
<u>(Negligence under the laws of the State of New York)</u>

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENT CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     As a result of defendants' conduct, plaintiff NATHANIEL HANDY was deprived of his right to equal protection of laws.

93.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

14

paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     As a result of defendants' conduct, plaintiff NATHANIEL HANDY was deprived of his right to security against unreasonable seizures.

96.     As a result of the foregoing, plaintiff NATHANIEL HANDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NATHANIEL HANDY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 24, 2013

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiff NATHANIEL HANDY
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By:     _____
                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

NATHANIEL HANDY,

                                   Plaintiff,

                                                                                Docket No.

        -against-

CITY OF NEW YORK, TERESA STANTON, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                   Defendants.

-------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100